Your Honor, this is Kirk Kennedy for Ramirez-Alvarez. In this case, the docket indicates that on September 16, 2009, Mr. Ramirez had filed a proper person motion to dismiss his counsel and appoint new counsel. That motion sat unaddressed by the district court for 12 days until the trial date of September 28, 2009. There was no action on it by the court and no response by either the government or ordered response with his existing defense counsel. When the trial commenced, Mr. Ramirez, with the same counsel he was seeking to dismiss, decided to go forward with a guilty plea in the case to the count of conspiracy to distribute a controlled substance in the indictment. There was no written plea agreement and from our position that was one of the inherent problems with this entire plea process because when Judge Mahan proceeded forward with the plea canvas on multiple occasions when he was trying to get the factual basis to support the plea, Ramirez was essentially giving all the wrong answers. He exhibited a complete lack of understanding of the nature of the offense of a conspiracy and what that meant. He was asked specific questions by the district court regarding whether he understood what the object of the conspiracy was and his role in it. He gave a number of contradictory statements indicating that, well, he was only carrying the drugs or he denied that anyone was buying the drugs from him, things of this type. In fact, it got to the point where his government's counsel stood up and indicated in the records there that they found an insufficient factual basis to support the plea. The district court asked the government's counsel if they would make a statement regarding the factual basis to see if Mr. Ramirez would agree with it and the government's counsel did do that. However, Mr. Ramirez said no, no. He objected to it essentially to the government's recitation of the facts that they thought they could prove at trial. Ultimately, the district court essentially felt that there was not a factual basis to support the plea, so it called a basically a recess of the matter and was going to readdress it at a later time that same day. The court was also advised by the government's counsel that this motion to dismiss counsel was still lingering unresolved. The district court did ask Mr. Ramirez if he wanted to answer it, I don't know, and then a moment later he said, well, it is fine, I'm quoting from the transcript. Our whole position is that under Rule 11, certainly the district court did go through a number of issues that it's required to to conduct a plea canvass. But in this case, it's clear that Mr. Ramirez, who has a ninth grade education, did not have an adequate understanding of the facts of the case, the nature of the law of conspiracy theory and conspiracy law and what that means, and how that applies to the elements of the case. So our ---- Mr. Kennedy, it sounds to me like you're changing the basis of the appeal to object to the adequacy of the colloquy. Well, I believe I had addressed that in my brief, that one of the issues was whether the defendant actually understood the nature of the charge. I think I'm looking at the statement of the issue as stated in your opening brief. Yes. And there's only one issue listed, whether the district court abused its discretion in denying Ramirez his motion to withdraw a guilty plea. Yes. Did you see anything there about the Rule 11 colloquy? Well, actually, that was actually the motion to withdraw the guilty plea was based on the challenge to the Rule 11 colloquy, so perhaps that was an inartfully drafted statement of the issue. But that motion to withdraw a plea, which I had actually filed for Mr. Ramirez, was centered on the plea agreement itself. I mean, the guilty plea process and the Rule 11 colloquy by Judge Mahan in the district court. Perhaps that was an inartfully drafted statement of the issue. But that was the focus of the motion, which the district court had denied without a hearing or any response from the government. And that's the purpose of this appeal, to challenge that, which is essentially challenging the nature of the guilty plea itself. The district court did, the record does show that the district court did, after a recess, did come back and bring Mr. Ramirez back in with the same counsel. And then he did indeed, Mr. Ramirez did indeed answer the right questions, and the district court found a sufficient basis to go forward with the plea. It's our contention that under Enslinger and some of the cases that I cited in the brief, and under Rule 11, that while the district court did address a number of required elements of a Rule 11 colloquy, the district court clearly, it's our position that there was not a factual basis to support the plea, even though Ramirez came back later on that same day, later on that morning, and answered all the questions in the affirmative. Do you agree that if you just had what happened the second time, that that would be sufficient to sustain the Rule 11 plea? Yes, I would. Yes, I would. I would. If you didn't have that history of what happened earlier in the morning, I'd say yes. Yes, you would. Now, the district judge is there and heard both, and the district judge was satisfied that the second was adequate, that he understood. Yes, that is correct. And what you're saying is, if I understand, by reading the first, it means that he did not understand at the second session what he said? I think it calls into question whether he truly understood what he was doing and whether during the intervening time, in the recess, did he have a conversation with his counsel about you need to answer these questions a certain way. I think the district court was clearly on notice, express notice, that this particular I did not understand what conspiracy meant and its role in the conspiracy. Well, you draw the inference. Of course, we have no record. You draw the inference. The lawyer went outside and said, answer this A, B, and C, where the district judge may have drawn the inference that just go out and explain to him what the process is so he can understand and answer the question. We don't know what happened outside, nor can we draw an inference that he was told specifically how to answer questions. I agree with that because, of course, there's been no evidentiary hearing on the ineffective assistance claim or anything like that at all. That's not before the court. I agree. So if that's true, then is there anything that's materially wrong with the district judge making a finding that he understood? And in what way can we say that finding is clearly erroneous? I think certainly Judge Mayen did have the ability and discretion to rule subsequently in the second hearing that he found that the defendant adequately understood the plea at that time. Our whole contention is that, given the history and the totality of the circumstances, the judge was clearly unnoticed, that this particular defendant had some serious lack of understanding as to the nature of the charge and the elements, and that's a key component of the many questions that have to be asked on a plea call if we're under Rule 11. And how would you argue that his findings are clearly erroneous? I would not be able to say that Judge Mayen's findings are clearly erroneous. I would not be able to say that. The whole thrust of this appeal was the fact that, given this record, whether this plea would be considered a valid one. Validability is not an issue for this matter, but whether it would be a proper exercise of given the history that happened that day. Can I say the judge is clearly erroneous? No, I cannot. Okay. Thank you. Yes, sir. Thank you. If there's no other questions, I'll submit it and reserve any time left. You've got about two and a half minutes left. Thank you, sir. I'll reserve. May it please the Court. Daniel Sheese for the United States. If defense counsel cannot provide any basis to say that the district court's findings were clearly erroneous, then he's conceded that he has no basis on appeal, and this Court should deny his motion. I had prepared to discuss issues in his brief as well as some of the matters here, but given his concession, I would submit that there is no issue, and unless the Court has any further questions of me, I will take my time later in Heaven that the Court says is reserved for those who finish early. I can't grant what's going to happen actually in Heaven, but we're happy to take the time back on Earth. Thank you. Mr. Kennedy, is there something more you'd like to say? Only that it is my understanding that the adequacy of Rule 11 hearing is based on a de novo review and on that standard of review I'm asking the Court to, looking at this record, whether that was an adequate record to support the plea and whether we contended that there were fair and just reasons under Rule 11 to set aside this plea at this stage. And so it's our contention that the district court abused its discretion in denying the motion to withdraw the plea, which squarely challenged all of these issues that I set forth in the brief. And I would submit on that, and I thank you. We thank you. We thank both counsel for their arguments. The case just argued is submitted. That concludes the argument calendar for today, and we're adjourned. Thank you very much.
judges: Wallace, Fernandez, Clifton